[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Kathryn M. Schmidt, age 46, whose maiden name was Kathryn M. Klein, and the defendant George E. Schmidt, age 51, were married on October 4, 1969 at Baltimore, Maryland. The parties have one minor child, Jamie M. Schmidt, born December 1, 1985.
It is apparent that the marriage is broken down irretrievably. The parties separated in 1979 when the defendant had an affair and he moved in with another woman. This separation lasted one and a half to two years. This was a difficult time for the plaintiff, she drank to excess and was close to a nervous breakdown. The parties reconciled but both parties drank to excess. There was physical abuse by the defendant as well as many arguments. The sex life was unsatisfactory and infrequent. In 1982, the plaintiff stopped drinking and enrolled in AA. She treated for depression and has been under the care of a psychiatrist.
A major problem in the marriage is the fact that at least until age eight, the defendant has slept with his daughter. There is no evidence of sexual activity but the harmful activity of the defendant was a cause of great concern to the plaintiff. This led to a violent argument on February 7, 1994 in the presence of the daughter when the defendant physically abused the plaintiff. Mrs. Schmidt left the marital home and has not returned. She now resides in a condominium in Brookfield and the defendant in a home in Roxbury with the young daughter now age 10. While the plaintiff's drinking was a contributing factor to the breakdown, the court finds that the primary fault rests with the defendant.
The plaintiff and the defendant were the owners of real CT Page 1431-AAA estate located at 3 Studio Hill Road in Kent, Connecticut. This property has been sold and there is now the sum of $53,574.25 being held in escrow.
The plaintiff is employed as an administrator with the Danbury Surgical Center earning $1,186.00 per week with a net of $690.00 plus a $119.00 retirement deduction for a total of $809.00 per week. She claims weekly expenses of $949.00 per week. The defendant is employed as a realtor earning $1075.00 per week, but claiming $777.00 in deductions. These include withholding of $232.00 and business expense of $357.10. However, he has no withholding and the expenses are not documented. In addition, Mr. Schmidt receives a social security disability payment of $640.00 per week. He claims expenses of $974.00 per week. The plaintiff has a 401K plan with a value of approximately $25,500.00
Both the plaintiff and the defendant claim various health problems. The plaintiff suffers from arthritis, fiber malasia, foot problems, glaucoma, and scargen syndrome. These conditions may cause disability in the future and an inability to work. The defendant was involved in a serious automobile accident in December 1980. He suffers from osteo arthritis, palsy and depression.
The minor child attends Rumsey Hall School, a private institution where she is a day student five days a week. She resides with her father on Monday after school until Friday morning. The balance of the week is spent with her mother. Although of concern to the court, apparently the sleeping problem with the father has been resolved. Counsel for the child concurs with the custody arrangement presently in place.
As previously noted, there is presently the sum of $53,574.25 being held in escrow. The plaintiff was under a court order to pay $250.00 per month on April 4, 1994, but has failed to do so. The defendant is entitled to a credit from the escrow fund of that amount. In addition the plaintiff was to pay homeowners insurance of $975.00 which she failed to do, and it was deducted from the proceeds of the sale.
Based upon the evidence, the length of the marriage, and the cause of the breakdown and pursuant to Conn. Gen. Stat. § 46b-82, the court finds that the marriage has broken down irretrievably and that the following orders should enter: CT Page 1431-BBB
1. A decree of dissolution based upon irretrievable breakdown.
2. Custody and Visitation. The parties will share joint custody of the minor daughter, Jamie Marie. The minor child's primary residence shall be with the father for as long as the minor child is attending Rumsey Hall School in Washington, and the mother shall have liberal, flexible and reasonable visitation including, but not limited to every weekend from Friday at 5:00 p.m. until Monday at 9:00 a.m. The mother shall also have visitation with the minor child on at least one weekday evening from 5:00 p.m. to 8:30 p.m. The parties shall work out additional visitation in accordance with the child's schedules and the parties' work schedules. There will be liberal telephone contact between the minor child and mother.
The parties will alternate the following holidays: New Years' Day, Easter, Memorial Day, July 4th, Labor Day, and Thanksgiving. The parties will alternate the following schedule for Christmas: Christmas Eve Day and Christmas morning until 12:00 noon with one parent, and the balance of Christmas Day and that night with the other parent. The parties will share the child's birthday. The child will spend Mother's Day and the mother's birthday with the mother and Father's Day and the father's birthday with the father each year. In addition, the mother shall have the minor child for at least one week during her winter break from school and at least one week during her spring break from school.
Each party shall have a minimum of three weeks of vacation in the summer with the minor child. These do not have to be consecutive weeks. Each party shall notify the other party in writing by June 1st of each year of the dates for said vacation or vacations. Both parties agree that they will notify the other in advance by written notice if they intend to take the child out of the State of Connecticut during any visitation, to give the other party the intended destination, and to keep the other party informed of the child's whereabouts at all times.
In addition, each party agrees to give the other party immediate notice and access to the minor child in the event of the child's illness or injury. The father agrees to make every effort to keep the mother informed of the child's activities and appointments.
The parties also agree not to move the child on a permanent CT Page 1431-CCC basis outside the State of Connecticut. In the event either party desires to relocate the child permanently outside the State of Connecticut, said party shall give the other sixty (60) days prior written notice of said intended move.
3. Child Support. There will be no child support paid by either party, recognizing that each party is contributing toward the expenses for the minor child, including private school and camp. The guidelines provide for support between the plaintiff of $151.00 per week; however, the custody arrangement results in the plaintiff plaintiff mother having the child for nine meals and the defendant father having the child for seven meals. In addition expenses for the weekend including recreation are usually greater than those of the parent having custody during the week. It is agreed that the father shall be solely responsible for the cost of tuition for the minor child at Rumsey Hall School, Washington, Connecticut.
4. Alimony. The husband shall pay to the wife the sum of $1.00 per week alimony until the wife's remarriage or death, whichever shall first occur.
5. Medical Insurance. Both parties shall continue to provide medical insurance coverage for the benefit of the minor child as available through employment, the father's being the primary coverage and the mother's being the secondary coverage. The plaintiff will continue to carry dental insurance for the minor child as available through her employer. In the event neither party has medical insurance available through his or her employer, then the parties shall obtain medical insurance for the minor child and shall equally share the cost of said insurance.
6. Unreimbursed Medical. The parties shall equally share the cost of all unreimbursed medical, dental, optical, surgical, hospital, psychiatric, psychological, orthodontic, nursing and prescriptive drugs for the benefit of said minor child. However, it is understood and agreed that no orthodontic, psychiatric, psychological or elective surgery shall be incurred without the prior consent of both parties, which consent shall not be unreasonably withheld. It is recognized that the minor child is currently undergoing orthodontia treatment with Dr. Phillips and the parties shall continue to share this cost equally. CT Page 1431-DDD
7. Net Proceeds from sale of marital residence.
The sum of $53,574.25 being held in escrow by Attorney Paul L. Cornell of Washington, Connecticut representing the net proceeds from the sale of the parties' former marital residence in Kent, Connecticut. From the proceeds of the sale, the defendant shall receive a credit of $5,475.00 for a payment made by him which was previously ordered by the court. The balance shall be divided 70% to the wife and 30% to the husband. Therefore, the plaintiff shall receive the sum of $33,669.48 and the defendant $19,904.77. Out of the funds, the plaintiff and the defendant each shall purchase ten (10) $1,000.00 U.S. Savings Bonds naming the child as the owner and the plaintiff or the defendant, whichever the case may be, as the beneficiary.
8. Personal Property. The parties have divided the personal property in the marital residence, and reached a separate agreement on this in the presence of both attorneys.
9. Automobiles. Both parties will keep the automobiles they are presently driving, and will hold the other party harmless from any indebtedness owing on said automobiles.
10. Debts. Both parties agree to be responsible for the debts as shown on their respective financial affidavits, and to hold the other harmless therefrom, with the exception of the joint debt to the Internal Revenue Service, which will be the sole responsibility of Mr. Schmidt.
11. Bank Accounts, etc. Each party will keep his or her own bank accounts as shown on his or her respective financial affidavits, without any claim from the other.
12. Deferred Assets. Each party shall retain his or her own pensions, IRA accounts, as reflected on the financial affidavits, without any future claim from the other party. It would appear that the only deferred asset account is Mrs. Schmidt's 401K account which will name the minor child as beneficiary.
13. Taxes. The defendant shall be entitled to the income tax deductions for the minor child for as long as the minor child primarily resides with him. Both parties agree to indemnify and hold the other party harmless for prior joint, separate or corporation (Schmidt Associates, Inc.) tax returns CT Page 1431-EEE which have been filed. The parties also agree that they will split all of the deductions including settlement costs for the marital residence for 1995.
14. Life Insurance. The parties shall name the minor child as irrevocable beneficiary on their respective life insurance policies, and they will provide annual proof of the same to the other party and shall keep said policies in effect until the minor child attains the age of twenty-two years.
15. The plaintiff's maiden name of Kathryn Klein is restored.
Pickett, J.